IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANA GUEVARA-RANGEL,<br><br>    Defendant. | 4:13-CR-3021<br><br>TENTATIVE FINDINGS |

  The Court has received the presentence investigation report in this case. There are no objections or motions for departure or variance.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is

>a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections or motions that require resolution at sentencing. The Court notes that the defendant's sentencing statement (filing 39) seems to suggest the Court should impose a below-Guidelines sentence. The Court will, of course, weigh the § 3553(a) factors at sentencing, and may consider a below-Guidelines sentence. But the Court does not consider an argument presented in the context of a "sentencing statement" to be an adequate substitute for a properly filed motion for departure or variance, and the defendant should be aware that the Court will not construe her sentencing statement to be such a motion.

    The Court also notes the representation in the defendant's sentencing statement that the defendant's Guidelines range is based in part upon "rote application of the guideline enhancement for her possessing an authentication feature, namely the social security number that she gave to her employer." Filing 39 at 1. The Court has previously determined that a Social Security number, standing alone, is not an "authentication feature" within the meaning of the U.S.S.G. § 2B1.1(b)(11)(A)(ii) enhancement. *United States v. Rodriguez-Cisneros*, 916 F. Supp. 2d 932, 933-35 (D. Neb. 2013). But the defendant has not objected to the presentence report. As a result, the Court is not obliged (at this point) to make a specific finding as to whether an authentication feature was present in this case. *See United States v. May*, 413 F.3d 841, 848-49 (8th Cir. 2005); *see also United States v. Jones*, 70 F.3d 1009, 1010 (8th Cir. 1995).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

      requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 1st day of October, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge